IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUGENE ROSENZWEIG           *

Plaintiff                             *

v                                      *        Civil Action No. WMN-12-3171

UNITED STATES OF AMERICA, et al.    *

Defendants                         *
                                        ***

## MEMORANDUM

Pending in the above-captioned case are Defendants' Motion for Extension of Time (ECF No. 7) and Motion to Dismiss (ECF No. 9) and Plaintiff's Motion to Revise Complaint (ECF No. 11) and Response to Defendants' Motion to Dismiss (ECF No. 12). The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Defendants' Motion to Dismiss shall be granted.

### Background

This case was removed from the Circuit Court for Howard County, Maryland. The Complaint alleges the National Security Agency (NSA) and the Department of Homeland Security (DHS) illegally eavesdropped on Plaintiff via electronic surveillance. ECF No. 2. Plaintiff seeks one million dollars in damages. *Id.*

In his Motion to Revise Complaint, Plaintiff seeks to add the Central Intelligence Agency (CIA) and the United States Air Force as Defendants. ECF No. 11. He alleges in the motion that Defendants have tortured, brainwashed, and blackmailed him. He claims agents of the Defendant agencies broke into his home through false pretenses and "humiliated [him] twenty-four hours a day seven days a week." *Id.* Plaintiff asserts these acts were accomplished by holding him "captive in an electro-magnetic cage via ELECTRO-MAGNETIC

claim where jurisdiction is not established. *See Evans v. B.F. Perkins Co.*, 166 F. 3d 642, 647 (4th Cir. 1999); *see also Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). In considering a motion filed pursuant to Fed. R. Civ. Proc. 12(b)(1) this Court "may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Messerve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). A Complaint may be dismissed for lack of subject matter jurisdiction if the claim fails to allege facts upon which the court may base jurisdiction. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 299 (D. Md. 2005).

**Analysis**

Defendants provide an affidavit in support of the motion to dismiss confirming that Plaintiff has not filed an administrative claim under the FTCA against the NSA within the past ten years. ECF No. 9 at Att. 2. Failure to exhaust the administrative procedure established by the FTCA operates as a complete bar to any tort claims raised against the United States in this Court. *See* 28 U.S.C. §2401(b).

To the extent that any remaining claims asserted by Plaintiff were intended to be Constitutional claims or otherwise not covered by the FTCA, and all claims asserted against other agencies of the United States, they are also subject to dismissal. As this Court observed in dismissing a similar Complaint filed by Plaintiff, the claims are frivolous. *See Rosezweig v. U.S. Dept. of Homeland Security, et al.*, Civil Action ELH-12-2204 (D. Md. 2012).

A separate Order follows.

_1/31/13_
Date

_William M. Nickerson_ (signature)
William M. Nickerson
United States District Judge